other third of said eighteen thousand dollars or bonds and securities into which it may be invested, I bequeath," etc., not the other third of lands, but of money or its equivalent in bonds and securities into which the land might have been turned under the former direction of the will. Why use the words " of said eighteen thousand dollars " if the testator's intention was not to give these persons eighteen thousand dollars in money or its equivalent? If only the land was to go to them, or a part of it, how easy to have said so? To say, I give in trust to them $18,000.00, if my lands will bring so much, if not as much as it shall bring, was quite easy, and would have been clear in favor of the residuary legatees. To say the $18,000.00 is *first* to be raised out of the lands or proceeds, implies conclusively— necessarily, in our judgment—that the lands failing to raise it, some other property of testator's must raise it, and nothing but the residuum is left to raise it.

Judgment affirmed.

---

## ANDERSON *vs.* FREEMAN.

[Jackson, C. J., not presiding, on account of providential cause.]

Where a merchant employed a clerk, and pending his term of service the merchant formed a partnership in the same character of business, and the clerk entered the service of the firm, his contract with the original employer as an individual was at an end; and if he had been paid by the latter his wages up to the formation of the firm, and after entering the service of the firm, he refused to continue his employment with them at the same rate, but retained as payment to himself funds of the firm at a higher rate, and was discharged, he could not recover from the original employer.

January 12, 1886.

Partnership. Debtor and Creditor. Contracts. Master and Servant. Before Judge EVE. City Court of Richmond County. June Term, 1885.

Reported in the decision.

'HARPER & BRO., for plaintiff in error.

S. F. WEBB, for defendant.

BLANDFORD, Justice.

Freeman sued Anderson upon a contract for wages as clerk, and the main question was whether he had been discharged without sufficient cause. The evidence shows that Anderson formed a partnership with Fuller before the term of service of Freeman expired; that Freeman entered into the service of Anderson & Fuller, and after remaining awhile, he charged up to Anderson & Fuller one hundred and fifty dollars for one month's wages, and paid himself out of their funds, whereas he was only to have seventy-five dollars per month under his contract with Anderson, no new contract having been made after the formation of the new firm of Anderson & Fuller

Anderson offered him the same wages which he had been paying him; Freeman declined, contending that, as he had to keep the books of Anderson and Anderson & Fuller, it was double labor, and he should have more wages. He had paid himself one hundred and fifty dollars out of the funds of Anderson & Fuller for one month's wages; this was done without their knowledge or consent. He having refused to continue his employment with Anderson & Fuller at the same wages which Anderson had agreed to pay him, he was discharged. A verdict was rendered for Freeman, a motion made for new trial, which was refused, and error is assigned thereon.

We are of opinion that a new trial should have been granted in this case. When Anderson formed a partnership with Fuller, of the same nature and character of business which he had formerly carried on, and Freeman entered into the service of the new firm, his contract with Anderson individually was at an end; and if he had been paid by Anderson his wages up to the formation of the

OCTOBER TERM, 1885. 95

firm of Anderson & Fuller, which it appears he had been, then he cannot recover from Anderson.

Judgment reversed.